**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ADRIANNA MORALES AS NEXT | § | |
| FRIEND OF A MINOR D.J.M., | § | |
| LAVON BETH MEYER AND | § | |
| LEE ALLEN MEYER INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF LYNDON DEAN MEYER | § | |
| | § | |
| Plaintiffs, | § | CIVIL NO. 2:19-CV-00094 |
| | § | |
| VS. | § | |
| | § | |
| OK TRANS INC, DBA OK TRANSPORT | § | |
| AND SATNAM SINGH LEHAL, *et. al.* | § | |
| | § | |
| Defendants. | § | |

<u>JOINT PRETRIAL ORDER</u>

1) APPEARANCE OF COUNSEL

List each party, its counsel, and counsel's address and telephone number in separate paragraphs:

**a) Plaintiffs, Mike Crane, Guardian of the Estate of D.J.M., a Minor, Lavon Beth Meyer, and Lee Allen Meyer, Individually and as Representative of the Estate of Lyndon Dean Meyer.**

    1.    Eric T. Penn
                Byron Haney
                The Penn Law Firm
                102 S. Ragsdale Street
                P.O. Box 2079
                Jacksonville, Texas 75766
                Telephone: (903) 586-7600

    2.    James W. Cole
                Cole, Cole, Easley, and Sciba, P.C.
                302 W. Forrest

Victoria, TX 77901
Telephone: (361) 575-0551

3. Peter J. Kestner
Penn, Kestner, McEwen
5854 Blackshire Path
Inver Grove Heights, MN 55076
Telephone: (651) 224-3833

4. Darrin Walker
Darrin M. Walker, P.C.
6134 Riverchase Glen Dr.
Kingwood, TX 77345
Telephone: (281) 358-2295

**b) Defendant Liberty Lane, LLC**

1. Stew Schmella
Lanza Law Firm, PC
2502 Algerian Way
Houston, Texas 77098
346-293-8531 direct
713-432-9090 main

**c) Defendant Satnam Singh Lehal**

1. Larry J. Goldman
Michael F. Aguilar
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone: (210) 340-9800

**d) Intervenor Federal Insurance Company**

1. Timothy U. Stanford
Lauren H. Strax
Downs & Stanford, P.C.
2001 Bryan Street, Suite 4000

Dallas, Texas 75201
(214) 748-7900 main


## 2)  STATEMENT OF THE CASE

Give a brief statement of the case, one that the judge could read to the jury panel for an  introduction to the facts and parties; include names, dates, and places:

This case arises out of a motor-vehicle collision that occurred on December 26, 2018, on Texas State Highway 202 in Bee County, Texas.  The collision was between an eighteen-wheeler being driven by Defendant Satnam Singh Lehal and a pick-up being driven by Lyndon Dean Meyer.  The Plaintiffs in this case are D.J.M., Meyer's minor child, and Lavon Beth Meyer and Allen Lee Meyer, Meyer's parents, who are suing the Defendants Liberty Lane and Lehal.  Lehal was driving the truck for Defendant Liberty Lane, L.L.C.

Defendants contend that Lehal was not negligent. Defendants claim that the negligence of the Texas Department of Transportation (TxDOT) was a proximate cause of the collision and resulting damages because TxDOT was negligent in maintaining, monitoring, inspecting and/or repairing the surface of Highway 202.

Specifically, Defendants claim the condition of Highway 202 posed an unreasonable risk of harm to motorists because its surface was flushed and rutted, which caused Lehal to lose control of the eighteen-wheeler.


## 3)  JURISDICTION

Briefly specify the jurisdiction of the subject matter and the parties.  If there is an unresolved jurisdictional question, state it:

Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. §1332.  Jurisdiction is not disputed.


## 4)  MOTIONS

List pending motions:

1. Plaintiffs' Motion to Strike Defendants' Designation of TxDOT as a Responsible Third Party
2. Plaintiffs' Motion to Exclude Certain Testimony of Kelley Adamson

3. Defendant Lehal's Motion to Strike Cross-Claims (the Parties believe that this motion is moot)

Plaintiffs also intend to file the following motions, but did not file them before the Court entered its June 18, 2024 "Order Granting Plaintiffs' Motion to Amend and Stay" (D.E. 276):

1. Motion for Attorney Conducted, No-Facts Voir Dire.
2. Motion to Provide Supplemental Juror Pay.
3. Motion to Permit Jury Questionnaire.


5) CONTENTIONS OF THE PARTIES

State concisely in separate paragraphs each party's claims:

A. <u>Plaintiffs' Contentions:</u>

1. The negligence of Lehal in operating the eighteen-wheeler was a proximate cause of the collision, the death of Meyer, and Plaintiffs' damages. Lehal was driving too fast for the wet road conditions, lost control of his eighteen-wheeler, crossed the center line into Meyer's lane, and struck Meyer's pickup on the front, driver's side while Meyer was slowed down and pulled over to the extreme right hand side of the pavement in an effort to evade the oncoming eighteen-wheeler.

2. Liberty Lane is vicariously liable for the negligence of Lehal and the damages Plaintiffs sustained as a result of Lehal's negligence because, at the time of the collision, Liberty Lane was a motor carrier using the eighteen-wheeler Lehal was operating to provide interstate transportation under an arrangement with another party, so Lehal was a statutory employee of Liberty Lane.

3. Liberty Lane cannot satisfy its burden of proving that any negligence of the Texas Department of Transportation (TxDOT) was a proximate cause of the collision, the death of Meyer, or Plaintiffs' damages.
   a. If there was a dangerous condition of State Highway 202, it was the presence of naturally occurring rain water on the surface of the highway, which is not an unreasonably dangerous condition.
   b. The condition of State Highway 202 was, at most, a premises defect, not a special defect.
   c. TxDOT owed motorists on Highway 202 only the duty a private premises occupier owes to licensees.
   d. Liberty Lane cannot satisfy its burden of proving that the condition of Highway 202 posed an unreasonable risk of harm.
   e. Liberty Lane cannot satisfy its burden of proving that TxDOT knew

(or even should have known, though that is insufficient to satisfy Liberty Lane's burden in this premises-defect case) of the alleged unreasonably dangerous condition of Highway 202 prior to the collision.

    f.   Liberty Lane cannot satisfy its burden of proving that TxDOT failed to exercise ordinary care to protect Meyer from the alleged danger posed by the condition of Highway 202 by both failing to adequately warn Meyer of the dangerous condition and failing to make that condition reasonably safe.

    g.   Liberty Lane cannot satisfy its burden of proving that the alleged dangerous condition of Highway 202 proximately caused the crash, the death of Meyer, and Plaintiffs' damages.

4. Meyer sustained compensable mental anguish prior to his death due to his fear of the impending collision.

5. Each individual Plaintiff (D.J.M., Lavon Beth Meyer, and Lee Allen Meyer) sustained and, in reasonable probability will continue to sustain, past and future compensable mental anguish as a result of the death of Meyer.

6. Each individual Plaintiff (D.J.M., Lavon Beth Meyer, and Lee Allen Meyer) sustained and, in reasonable probability will continue to sustain, past and future compensable pecuniary loss as a result of the death of Meyer.

7. Each individual Plaintiff (D.J.M., Lavon Beth Meyer, and Lee Allen Meyer) sustained and, in reasonable probability will continue to sustain, past and future compensable loss of companionship and society as a result of the death of Meyer.

B. Lehal's Contentions.

1. Lyndon Meyer's death was not the result of the negligence of Satnam Singh Lehal. The subject roadway was in an unfortunate state of disrepair over which Mr. Lahal had no control. At the time of the subject accident, the roadway condition, along with the weather conditions, created a situation in which Lehal's vehicle lost control and could not recover.

2. Lehal maintains, through the expert testimony of Kelly Adamson, that the subject roadway was flushed and rutted to an extreme degree that caused it to become akin to ice at the time of this accident.

3. Lehal maintains, through the expert testimony of Kelly Adamson, that the extreme degree of flushing and rutting in the subject roadway was long-standing and was known, or should have been known, to responsible third-party TxDOT.

4. Lehal further maintains that the monetary damages being sought by the plaintiffs are not fully supported by the evidence including Plaintiffs' pecuniary losses and loss of non-economic damages.

C.  Liberty Lane's Contentions.

   1.  Liberty Lane contends that Lehal was not negligent.

   2.  Liberty Lane contends that TXDOT's negligence was a proximate cause of
       the collision and Meyer's death. Liberty Lane contends that Highway 202
       posed an unreasonable risk of harm to motorists because its surface was
       flushed and rutted, which caused Lehal to lose control of the eighteen-
       wheeler

6)  ADMISSIONS OF FACT

List all facts that require no proof:

   1.  Minor D.J.M. is the surviving child of Lyndon Dean Meyer.
   2.  Mike Crane is the Guardian of the Estate of D.J.M., and represents
       D.J.M.'s interest in this litigation.
   3.  Lavon Beth Meyer is the surviving mother of Lyndon Dean Meyer.
   4.  Lee Allen Meyer is the surviving father of Lyndon Dean Meyer.
   5.  Lee Allen Meyer is the duly appointed administrator of the Estate of
       Lyndon Dean Meyer.
   6.  On December 26, 2018, a collision between an eighteen-wheeler being
       driven by Defendant Satnam Singh Lehal and a pick-up being driven
       by Lyndon Dean Meyer occurred on Texas State Highway 202 in Bee
       County, Texas.
   7.  Meyer was killed as a result of the collision.
   8.  Lehal was an employee of authorized motor carrier OK Trans Inc. d/b/a
       OK Transport.
   9.  OK Trans was the owner of the tractor and trailer Lehal was driving.
   10. Liberty Lane had agreed to transport a shipment of automobile seats
       from Laredo, Texas to Newark, California (hereinafter "the Adient
       Shipment").
   11. Lehal was under dispatch and en route to pick up the Adient Shipment
       at the time of the collision.
   12. Lehal was towing an empty trailer to use to transport the Adient
       Shipment at the time of the collision.
   13. It was raining and the road surface was wet at the time of the collision.
   14. Lehal was the statutory employee of Liberty Lane at the time of the
       collision.  (Liberty Lane disputes this conclusion, but recognizes that it
       is established for purposes of this trial by virtue of the Court's March
       29, 2024 "Memorandum Opinion Granting Plaintiffs' Motion for Partial
       Summary Judgment" (D.E.258).)

7)  CONTESTED ISSUES OF FACT

List all material facts in controversy.

1. Was the negligence, if any, of Lehal a proximate cause of the death of Lyndon Dean Meyer?

2. Was the negligence, if any, of TxDOT a proximate cause of the death of Lyndon Dean Meyer?

   a. Did the condition of the surface of Highway 202 at the scene of the collision pose an unreasonable risk of harm?

   b. Did the Texas Department of Transportation (TxDOT) have actual knowledge of the danger?

   c. Did Lyndon Dean Meyer have actual knowledge of the danger?

   d. Did TxDOT fail to exercise ordinary care to protect Lyndon Dean Meyer from the danger, by both failing to adequately warn Lyndon Dean Meyer of the condition and failing to make that condition reasonably safe?

3. What is the percentage of responsibility of each person (Lehal and/or TxDOT) found to have caused or contributed to cause the death of Lyndon Dean Meyer?

4. What sum of money would have fairly and reasonably compensated Lyndon Dean Meyer for his mental anguish, that is, the conscious emotional pain, torment, and suffering he experienced before his death as a result of the impending collision.

5. What sum of money, if paid now in cash, would fairly and reasonably compensate D.J.M. for his damages, if any, resulting from the death of Lyndon Dean Meyer, considering the following elements of damages: (1) loss of companionship and society sustained in the past and that in reasonable probability he will sustain in the future; (2) mental anguish sustained in the past and that in reasonable probability he will sustain in the future; and (3) pecuniary loss sustained in the past and that in reasonable probability he will sustain in the future.

6. What sum of money, if paid now in cash, would fairly and reasonably compensate Lavon Beth Meyer for her damages, if any, resulting from the death of Lyndon Dean Meyer, considering the following elements of damages: (1) loss of companionship and society sustained in the past and that in reasonable probability she will sustain in the future; (2) mental anguish sustained in the past and that in reasonable probability she will sustain in the future; and (3) pecuniary loss sustained in the past and that in reasonable probability she will sustain in the future.

7. What sum of money, if paid now in cash, would fairly and reasonably compensate Lee Allen Meyer for his damages, if any, resulting from the

death of Lyndon Dean Meyer, considering the following elements of damages: (1) loss of companionship and society sustained in the past and that in reasonable probability he will sustain in the future; (2) mental anguish sustained in the past and that in reasonable probability he will sustain in the future; and (3) pecuniary loss sustained in the past and that in reasonable probability he will sustain in the future.

8)    AGREED PROPOSITIONS OF LAW

List the legal propositions that are not in dispute:

1.    Lehal and Meyer each had a duty to exercise ordinary care in operating their vehicles on Highway 202 on the day of the collision.
2.    The flushing and ruts in the surface of Highway 202 were not a special defect, so in monitoring, inspecting and/or repairing the surface of Highway 202, TxDOT owed the duty that a private premises occupier owes to a licensee.
3.    Liberty Lane was Lehal's statutory employer, and is therefore vicariously liable for the negligence, if any, of Lehal in operating the eighteen-wheeler, and is liable for any damages that Lehal's negligence proximately caused. (Liberty Lane disputes this conclusion, but recognizes that it is established for purposes of this trial by virtue of the Court's March 29, 2024 "Memorandum Opinion Granting Plaintiffs' Motion for Partial Summary Judgment" (D.E.258).)

9)    CONTESTED PROPOSITIONS OF LAW

State briefly the unresolved questions of law, with authorities to support each:

A.   Plaintiffs advance the following propositions of law that may be relevant to the trial, which Defendants contest:

1.    The fact that an employee of a unit of state government has knowledge of the condition of a roadway does not give a separate unit of state government actual notice of the condition of the roadway. *Tex. DOT v. Tarver*, No. 01-17-00919-CV, 2018 Tex. App. LEXIS 5519, at *9 (Tex. App.—Houston [1st Dist.] July 19, 2018, no pet.).

2.    A government employer is deemed to know what its employee knows about a dangerous condition of a roadway only if that employee is charged with the duty of maintaining, repairing or looking after the roadway. *Fort Worth v. Davidson*, 296 S.W. 288, 289 (Tex. 1927); *Harris County v. Gerber*,

No. 14-06-01096-CV, 2007 Tex. App. LEXIS 5589, at *6 (Tex. App.—Houston [14th Dist.] July 10, 2007, pet. denied) (mem. op.).

3.      As a matter of law, water that accumulates on the surface of a roadway as a result of naturally failing rain is not a condition that poses an unreasonable risk of harm. *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 413-14 (Tex. 2010); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675-76 (Tex. 2004); *Tex. DOT v. Martinez*, No. 04-04-00867-CV, 2006 Tex. App. LEXIS 4420, at *18-19 (Tex. App.—San Antonio May 24, 2006, pet. denied) (mem. op.).

4.      As a matter of law, the condition of which TxDOT had to have actual knowledge was the presence of rainwater on the surface of the highway at the time of the collision, not the allegedly flushed and rutted condition of the road surface that could cause the existence of rainwater to make the highway surface slick. *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413-14 (Tex. 2008); *City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 536 (Tex. 1996).

B.    Liberty Lane advances the following propositions of law that may be relevant to the trial, which Plaintiffs contest:

**None.**

C.    Lehal advances the following propositions of law that may be relevant to the trial, which Plaintiffs contest:

**None.**


10)    EXHIBITS

a)      On a form similar to the one provided by the clerk, each party will attach two lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.

b)      A party requiring authentication of an exhibit must notify the offering counsel in writing within 7 days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

c)      Within reason, other objections to admissibility of exhibits must be made at least 7 days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority.

d)      Parties must mark their exhibits to include the date and case number on each.

e)      At the trial, the first step will be the offer and receipt in evidence of exhibits.

11)    WITNESSES

a)      List the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony. Include the qualifications of expert witnesses; these will be used to qualify the expert at trial:

Witnesses with relevant knowledge regarding the relationships between any Plaintiff and their deceased loved-one, Lyndon Dean Meyer and/or the effect the death of Lyndon Meyer has had on any Plaintiff:

       i)       Andrianna Morales
       ii)      D.J.M. (a minor)
       iii)     Lavon Beth Meyer
       iv)     Lee Allen Meyer
       v)       Lucas Cole Meyer
       vi)     Matthew Ybarbo
       vii)    Adrianna Priest
       viii)   Meagan Ybarbo
       ix)     Diane Stephens
       x)       Terry Stephens
       xi)     Donald Meyer
       xii)    Tully Meyer
       xiii)   Robert B. Smith
       xiv)   Vincent Vollmering
       xv)    Shelby Laging
       xvi)   Kyle Moreland
       xvii)   Pastor Randy Bruno
       xviii)   Yorktown Elementary School Counselor and Custodian of Records
       xix)   Grace Funeral Home Representative
               2401 Houston Hwy.
               Victoria, Texas 77901

Witnesses with relevant knowledge regarding the load in progress at the time of the crash made the basis of this lawsuit:

       i)       Satnam Singh Lehal

    ii)      Faisal Nadeem
    iii)    Aleksandr Lastivka
    iv)    Denis Lastivka
    v)     Tim Mole
    vi)    Robert Isassi
    vii)   Corporate Representative Witnesses:
         (1)     Liberty Lane
         (2)     Liberty Commercial
         (3)     Texas Department of Transportation
         (4)     ERoad

Witnesses with relevant, firsthand knowledge regarding the crash made the basis of this lawsuit and its immediate aftermath:

    i)       Satnam Singh Lehal
    ii)      Shelton Eubanks
    iii)    Trooper Gabriel Green
    iv)    Trooper J. Williams
    v)     Trooper L Pearman
    vi)    Trooper J. Scott
    vii)   Trooper M. Garcia
    viii)  Trooper T. Shaddox
    ix)    Trooper J. Santiago
    x)     Trooper Carlos Martinez
    xi)    Trooper B. Eubanks
    xii)   DPS Cpl. R. Garcia
    xiii)  DPS Sgt. D. Keese

Retained and Non-Retained Expert Witnesses:

    i)       Kenneth G. McCoin, Ph. D., CFA
            Dr. McCoin has over 30 years of experience in the financial industry and holds a Ph.D. from the University of Houston in Economics with specialization in macro-economics, micro-economics, corporation finance and investments econometrics, and monetary economics. He is a Chartered Financial Analyst and has published and presented papers extensively over the last 40 years. In addition, Dr. McCoin has taught at the university level, most recently as an Adjunct Professor of Business and Economics at Houston Baptist University. Dr. McCoin is the current President of Waterford International Assent Management, Inc.

Dr. McCoin is an expert in the field of economics who is expected to testify regarding the economic damages of Plaintiffs.

ii) Philip J. Smith

Mr. Smith has over 40 years of experience in the trucking industry. Starting as a driver in 1977 and rising through positions as a Technician, Assistant Manager, General Manager, Safety Manager and President for companies in the trucking industry. Mr. Smith holds a current Class A Commercial Driver's License and has been certified by the North American Transportation Management Institute as a Director of Safety, Safety Supervisor, and manager of motor fleet safety. In addition, Mr. Smith is certified by ASE as a Master Technician, by the USDOT's Transportation Safety Institute, by Meritor's Train the Trainer Program including WABCO, Bendix, and Midland-Grau brake manufacturers, by Detroit, Cummins, and Vetronix for data retrieval and extraction, and received a degree in Diesel Technology from Denver Automotive and Diesel College. Mr. Smith has published and presented extensively in the last 20 years including papers published by SAE and presentations given to Swift Transportation, the Southwestern Association of Technical Accident Investigators, the Texas Motor Transportation Association, and State Bar associations. Mr. Smith is currently the President of Analysis, Inc. and testifies as an expert in the motor carrier transportation industry in courts across the country.

Mr. Smith is an expert in the motor carrier transportation industry who is expected to testify regarding duty, breach, and causation in this matter, including but not limited to, Lehal's operation of the eighteen-wheeler under all the circumstances and the existing conditions, the reasonableness thereof, and the results thereof.

iii) Scott Altman, P.E.

Mr. Altman is an accredited Professional Engineer certified by the Texas Board of Professional Engineers with over 25 years of experience in the engineering industry including nearly 20 years in specializing in accident reconstruction, mechanical failure analysis, technical investigation and forensic engineering. Mr. Altman holds a degree from the University of Texas at San Antonio in Mechanical Engineering and advanced training in Traffic Collision Investigation and Reconstruction and Safety on the Highway from Texas A&M University. In addition, Mr. Altman has extensive training from Society of Automotive Engineers including Braking Performance of Heavy Commercial Vehicles, Tire and Wheel Safety, Vehicle Dynamics, Brake Control Systems and Driver Distraction from Electronic Devices. Further, Mr. Altman has received training

from Texas Association of Accident Reconstruction Specialists, the Collision Safety Institute, the Engineering Dynamics Corporation and completed the University of North Florida's Institute of Police Technology & Management's Traffic Crash Reconstruction program. Mr. Altman has published and presented papers for the Society of Automotive Engineers and the Accident Reconstruction Journal.

Mr. Altman is a licensed Professional Engineer and expert in crash reconstruction and is expected to testify regarding the mechanics, nature, and causes of the crash made the basis of this matter.

iv)  Capt. Marc A. Fazioli

Capt. Fazioli holds a Bachelor of Science degree in Marine Transportation from Texas A&M University and is currently earning a Master of Science in Occupational Safety & Health from Columbia Southern University. Capt. Fazioli has over 30 years of experience in the marine transportation industry, starting as a Merchant Marine Officer and accelerating through positions as Surveyor, Harbor Pilot, Consultant, Safety Advisor, and Master. Capt. Fazioli hold licenses from the Federal Communications Commission, the United States Coast Guard, and certificates from the Occupational Safety & Health Administration and is a Certified Tankerman under the Standards of Training, Certification, and Watchkeeping.

Capt. Fazioli is a U.S. Coast Guard Licensed Master and expert on the use of Global Positioning System coordinates and navigation and is expected to testify on issues related to the GPS data corresponding to the CMV involved in the crash made the basis of this matter.

v)  Marisa Gonzales

Ms. Gonzales is a counselor and expert in the field of psychology and therapeutic counseling and is expected to testify on issues related to the effect the death of Lyndon Dean Meyer has had on his minor son, D.J.M..

vi)  Robert Isassi, P.E.

Ms. Isassi is a licensed Professional Engineer and is an expert on road construction and maintenance and is expected to testify regarding TxDOT's construction, inspection, monitoring, maintenance, and condition of the roadway on which the crash made the basis of this lawsuit occurred. His testimony is related to duty, breach, and causation issues in this matter.

vii)  Kelley Adamson

Mr. Adamson holds a Masters of Engineering in Civil Engineering and a Bachelor of Science in Civil Engineering from Texas A&M

University. Mr. Adamson is a Registered Professional Engineer in the states of Texas, Louisiana, and Mississippi. Mr. Adamson is also an ACTAR Accredited Traffic Accident Reconstructionist, Crash Data Retrieval System Operator, Detroit DDEC ECM Data Extraction Specialist and Commercial Vehicle "Safety Coordinator". Mr. Adamson has over 30 years of experience in the engineering industry including work as an assistant engineer, associate engineer, structural design engineer, senior engineer, and accident reconstructionist specializing in the investigation of traffic accidents, computer simulations, animations, and human factors.

Mr Adamson has testified as an expert witness in Texas, Louisiana, California, and Mississippi.

Mr. Adamson is a licensed Professional Engineer and expert in crash reconstruction and is expected to testify regarding the mechanics, nature, and causes of the crash made the basis of this matter.

viii) Investigating Troopers and Officers:

(i) Trooper Gabriel Green
(ii) Trooper J. Williams
(iii) Trooper L Pearman
(iv) Trooper J. Scott
(v) Trooper M. Garcia
(vi) Trooper T. Shaddox
(vii) Trooper J. Santiago
(viii) Trooper Carlos Martinez
(ix) Trooper B. Eubanks
(x) DPS Cpl. R. Garcia
(xi) DPS Sgt. D. Keese

Texas Department of Public Safety
300 S. Hillside Dr.
Beeville, TX 78102

The investigating DPS Troopers and Officers are licensed peace officers and experts on crash investigation and expected to testify regarding the mechanics, nature, and causes of the crash made the basis of this matter.

b) Include:

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

12) **SETTLEMENT**

State that all settlement efforts have been exhausted, that the case cannot be settled, and that it will have to be tried:

The Parties have mediated this case four times and have reached an impasse each time. The Parties believe that all efforts have been exhausted and that the case cannot be settled. As such, it will have to be tried.

13) **TRIAL**

a) Probable length of trial; and

i) The Parties believe that trial will be 2 weeks in length.

b) Logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.

(1) Faisal Nadeem, Aleksandr Lastivka and Denis Lastivka are all out-of-state witnesses who cannot be compelled to appear for trial by subpoena. Fed. R. Civ. P. 45(c)(1). Shelton Eubanks appears to live and work more than 100 miles from the courthouse, but may still be subpoenaed to appear if he would not incur substantial expense in doing so. Fed. R. Civ. P. 45(c)(1)(B). Tim Mole lives and works in New Zealand, is not a U.S. national or resident, and is beyond subpoena range. Fed. R. Civ. P. 45(b)(1)(2)-(3).

(2) Plaintiffs expect to have demonstrative exhibits printed on foam boards which will be displayed on multiple easels in view of the jury and witnesses.

(3) The Parties do not anticipate offering any problematic demonstrations.

14) **ATTACHMENTS**

Include these required attachments:

a) For a jury trial:

i) Proposed questions for the voir dire examination.

ii) Proposed charge, including instructions, definitions, and special interrogatories, with authority.

b)   For a nonjury trial:

    i)   Proposed findings of fact (without repeating uncontested facts) and

    ii)   Conclusions of law, with authority.


Date: _____   _____
                                         UNITED STATES DISTRICT JUDGE


Approved:


Date: 6/25/2024 _____   /s/ Eric T. Penn _____
                                     Attorney-in-Charge
                                     Plaintiffs


Date: 6/25/2024 _____   /s/ Stew Schmella *
                                     Attorney-in-Charge
                                     Defendant Liberty Lane


Date: 6/25/2024 _____   /s/ Larry Goldman *
                                     Attorney-in-Charge,
                                     Defendant Satnam Singh Lehal


Date: 6/25/2024 _____   /s/ Tim Stanford *
                                     Attorney-in-Charge,
                                     Intervenor Federal Insurance Company


                                     ***** - e-signed with permission**