IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIANA MORALES AS NEXT FRIEND OF A MINOR D.J.M., LAVON BETH MEYER AND LEE ALLEN MEYER INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LYNDON DEAN MEYER | § § § § § § § | |
| V. | § § | C.A. NO. 2:19-CV-00094 |
| OK TRANS INC, DBA OK TRANSPORT AND SATNAM SINGH LEHAL | § § § | |

**PENSKE LOGISTICS, LLC AND PENSKE TRANSPORTATION
MANAGEMENT, LLC'S OPPOSITION TO PLAINTIFFS' MOTION
TO AMEND ORDERS TO CERTIFY THEM AS FINAL JUDGMENT
AND STAY TRIAL COURT PROCEEDINGS PENDING APPEAL**

Penske Logistics, LLC ("PL") and Penske Transportation Management, LLC ("PTM")

(together, "Penske") oppose Plaintiffs' motion for the Court to certify its Orders granting

summary judgment in favor of PL (ECF 259) and PTM (ECF 266) (together, the "Orders") as a

final judgment and stay trial court proceedings pending appeal.

## I.     INTRODUCTION

The Fifth Circuit's decision to deny Plaintiffs' petition to pursue an interlocutory appeal

("Petition") is notable. Since 2023, the Fifth Circuit has overwhelmingly *granted* petitions for

permission to appeal pursuant to 28 U.S.C. § 1292(b),[1] and has denied petitions in only two

---

[1] The Fifth Circuit has granted petitions for permission to appeal pursuant to 28 U.S.C. § 1292(b) in eleven cases. *DACO Investments v. SBA*, Dkt. No. 24-90012 (5th Cir. May 22, 2024); *Jackson v. City of Houston*, Dkt. No. 24-90002 (5th Cir. Feb. 2, 2024); *Silverthorne v. Sterling Seismic*, Dkt. No. 23-90040 (5th Cir. Jan. 3, 2024); *A.B. v. Salesforce*, Dkt. No. 23-90041 (5th Cir. Dec. 18, 2023); *USA v. Bennett*, Dkt. No. 23-90032 (5th Cir. Nov. 29, 2023); *Escobedo v. Ace Gathering, Inc.*, Dkt. No. 23-90028 (5th Cir. Oct. 11, 2023); *Greinstein v. Granite Servs., Intl.*, Dkt. No. 23-90020 (5th Cir. July 28, 2023); *Lumpkin v. Johnson*, Dkt. No. 23-90003 (5th Cir. May 31, 2023); *Indian Harbor v. Belmont Commons*, Dkt. No. 23-9011 (5th Cir. Apr. 18, 2023); *Edwards v. 4JLJ*, Dkt. No. 23-90006 (5th Cir. Mar. 31, 2023); *Eastern Pacific Shipping v.*

cases[2] in addition to this one. Plaintiffs ask this Court to ignore the obvious import of the Fifth

Circuit's decision denying an interlocutory appeal in this case, and seek to simply "try again"

under the framework of a Rule 54(b) motion. The Court should decline Plaintiffs' request. The

Fifth Circuit's denial of Plaintiffs' Petition is a strong indication that it believes piecemeal

review to be inappropriate and inefficient in this case, and there are many "just reasons to delay"

entry of judgment until after a trial, so that all appealable issues can be presented in one appeal.

It would be an abuse of discretion to "try again" under Rule 54(b) as Plaintiffs suggest.

## II.    RELEVANT FACTUAL BACKGROUND

PL and PTM moved for summary judgment on June 30, 2023. PL's motion for summary

judgment argued that PL cannot be deemed a "statutory employer" of defendant-driver Satnam

Singh Lehal because PL had no lease or other "arrangement" with Lehal or OK Transport. (ECF

180.) As to PTM's motion for summary judgment, PTM argued that Plaintiffs' negligent

brokering claims were preempted by the FAAAA, 49 U.S.C. § 14501(c)(1). (ECF 182.) On

March 29, 2024, the Court granted summary judgment in favor of PL. (ECF 259.) On May 29,

2024, the Court granted PTM's motion for summary judgment. (ECF 266.)

As a result of the dismissal of PTM and PL from the case, only Plaintiffs' claims against

Defendants Lehal and Liberty Lane remain pending and were scheduled for trial on July 22,

2024. On June 6, 2024, Plaintiffs moved for this Court to amend the Orders to certify them for

---

*Ganpat*, Dkt. No. 22-90062 (5th Cir. January 9, 2023); *see also* Federal Judicial Center,
*Permissive Interlocutory Appeals, 2013-2019* at 2 (Feb. 2020) (noting that from 2013-2019, the
Fifth Circuit granted 64% of petitions for interlocutory appeal),
https://www.fjc.gov/sites/default/files/materials/13/Permissive%20Interlocutory%20Appeals,%2
02013%E2%80%932019.pdf
[2] *FDIC v. Ernst & Young*, Dkt. No. 23-90025 (5th Cir. Aug. 23, 2023); *Stewart v. LA Farm
Bureau Casualty*, Dkt. No. 22-90066 (5th Cir. Jan. 5, 2023).

interlocutory appeal and to stay trial court proceedings pending appeal. On June 18, 2024, the Court granted Plaintiffs' Motion and stayed proceedings "pending resolution of Plaintiffs' application for an interlocutory appeal." (ECF No. 276 at 6.) It noted, however, that "the Court expects the parties to be ready for trial once the application for an interlocutory appeal is resolved." (*Id.*)

On June 27, 2024, Plaintiffs filed their Petition pursuant to 28 U.S.C. § 1292(b) with the United States Court of Appeals for the Fifth Circuit. Among their arguments to the Fifth Circuit, Plaintiffs argued that "reversal of the Orders would eliminate duplicative trials" and that "any trial against Penske and/or PTM would litigate the very issues and evidence litigated in the trial against Liberty and Lehal. If the trial against Lehal and Liberty proceeds, and this Court thereafter reverses one or both of the Orders, the district court and Plaintiffs will have to try the very same case again (along with additional issues relevant only to the claims against Penske and/or PTM)." (ECF No. 282, Ex. D, at 20-21 ("Pet.").)

Penske filed its opposition to the Petition on July 8, 2024. ("Pet. Opp.", attached hereto as Ex. A.) On July 15, 2024, the Fifth Circuit denied the Petition in a *per curiam*, one-sentence order, after consideration by Judges Smith, Graves, and Engelhardt. (Mot. Ex. A.) A one-sentence order is ordinary course in the Fifth Circuit for the grant or denial of a petition for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See, e.g.*, Order, *DACO Investments v. SBA*, Dkt. No. 24-90012 (5th Cir. May 22, 2024); Order, *FDIC v. Ernst & Young*, Dkt. No. 23-90025 (5th Cir. Aug. 23, 2023).

### III.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer

than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The district court must, first, determine that it is dealing with a final order. The ruling at issue must be "a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980).

Second, the court must "determine whether there is any judicial reason for delay" and must "take into account judicial administrative interests as well as the equities involved." *Id.* "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Like a certification pursuant to 28 U.S.C. § 1292, "one of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *Id.* Thus, final judgments pursuant to Rule 54(b) should be entered "rarely, when an immediate appeal is necessary and there is no reason for delay. They are not meant to be routine." *Rahman v. Allstate Ins. Co.*, 2023 WL 2388285 (E.D. La. Mar. 7, 2023).

To determine whether a Rule 54(b) certification is proper, courts have outlined factors to assess: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing

claims, expense, and the like." *Halliburton Energy Servs., Inc. v. NL Indus.*, 2008 WL 2697345, at *3 (S.D. Tex. July 2, 2008) (quoting *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003)).

A decision to enter a final judgment pursuant to Rule 54(b) is reviewed for an abuse of discretion. *PYCA*, 81 F.3d at 1421.

## IV.   ARGUMENT

### A.   The Fifth Circuit Considered and Rejected Plaintiffs' Request for a Piecemeal Appeal.

"The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals." *Clark-Dietz*, 702 F.2d at 69. Thus, "[i]nterlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Fannie Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam, Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)). Plaintiffs already tried to seek interlocutory appeal of the Orders, under 28 U.S.C. § 1292. Consistent with the "basic rule of appellate jurisdiction," the Fifth Circuit denied their Petition. Plaintiffs have provided no reason why the same appeal that was already rejected by the Fifth Circuit, should be re-certified under a different rule, based on the same arguments.

The Court should deny Plaintiffs' Rule 54(b) Motion because "while the standards permitting interlocutory review under 54(b) and 1292(b) may not be precisely identical, the same factors certainly seem relevant to both types of inquiry." *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1032 (6th Cir. 1994). Thus, when an appellate court denies a petition for interlocutory appeal under 28 U.S.C. § 1292(b), it will also reject the same appeal under Rule 54(b). *See id.*; *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 943 (2d Cir. 1968) (rejecting interlocutory appeal under Rule 54(b) and 28 U.S.C. § 1292 for identical reasons); *see also Hutchens v. Capital One Servs., LLC*, 2021 WL 67201, at *5 (E.D. Va. 2021) (refusing to

grant a Rule 54(b) motion when "the Fourth Circuit's decision to deny a § 1292(b) appeal strongly suggests that this is not an exceptional case warranting interlocutory review.").

Plaintiffs have made no effort to distinguish Rule 54(b) from 28 U.S.C. § 1292(b). In fact, their argument for Rule 54(b) relief is the same: to avoid the inefficiency of potentially duplicative trials. *Compare* ECF No. 282, Ex. D, Pet. at 21 ("[I]f this Court permits an interlocutory appeal, Plaintiffs, the district court, Liberty and Lehal, and the other witnesses will only have to endure one trial.") *with* Mot. at 13 ("[A]n immediate appeal and stay of the trial against Liberty and Lehal could eliminate the need for trying the same issues twice. This would be more convenient and economical for the Court, Plaintiffs, Intervenor, Liberty, Lehal and the witnesses."). That is why Plaintiffs' Motion for a final judgment, like their motion to certify the Orders as interlocutory, is directly tied to its motion for a stay. As Plaintiffs concede, "the point of this motion is to delay the trial of the unadjudicated claims until after the appeal of the Orders is complete. So, Plaintiffs only seek certification of a final judgment if the Court will also stay the trial of the remaining claims until after the appeal." (Mot. at 1.)

But the Fifth Circuit already rejected Plaintiffs' argument when it denied the Petition. It likely recognized, as Penske argued, that the potential for duplicative trials exists in *every* appeal, whether final or interlocutory. Plaintiffs are asking this Court to substitute the *possibility* of two trials for the *guarantee* of two appeals. But Rule 54(b) and Section 1292(b) are not concerned with the risk of duplicative *trials*, but instead, inefficient "piecemeal *appeals*." *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (emphasis added).

Moreover, Plaintiffs' proposed path—a piecemeal appeal of the Orders and a stay of all trial proceedings—does not decrease the risk of duplicative trials. Plaintiffs admit that "in the

unlikely event the jury were to find that Lehal bore no responsibility for the crash, Plaintiffs would most likely move for a new trial and, if necessary, appeal the sufficiency of the evidence to support it." (Mot. at 12.) Thus, even if Plaintiffs are permitted to appeal the Orders now, and the Orders are reversed on appeal, that subsequent trial would be subject to its own appeal, which could (again) result in *a new trial*. The Fifth Circuit, by denying the Petition, correctly recognized that the best path forward is to have a trial on the core issue in the case—Lehal's negligence—and an appeal that neatly packages all issues that arose before, during, or after trial.

Plaintiffs ignore the obvious import of the Fifth Circuit's denial of their Petition. They argue that the "Fifth Circuit gave no hint as to why it denied the petition" and that "it was entirely within its discretion to do so for any reason whatsoever, even if it agreed that an interlocutory appeal would be appropriate." (Mot. at 3.) They argue that "any reason whatsoever" could include "docket congestion." (*Id.* at 3, n.2). Of course, the most likely reason a court grants or denies a petition or motion is based on the arguments made by the parties. The Fifth Circuit, in general, is not hesitant to grant petitions for permission to appeal and, in fact, *grants them most of the time. See,* supra, n.1. Thus, the reason the Fifth Circuit denied the Petition was likely because of the facts of *this case*, which involve a trial that was less than a month away on the central issue in the case—Lehal's negligence.

The Court should, therefore, reject Plaintiffs invitation to try again under the Rule 54(b) framework. Although Plaintiffs are correct that Rule 54(b) does not require a subsequent petition for permission to appeal, the Court's decision would *still* get reviewed for abuse of discretion. *PYCA*, 81 F.3d at 1421. So, even if the Court grants the Rule 54(b) Motion, the Fifth Circuit could find that the Court abused its discretion, not address the issues raised in the Orders, and the

Court and the parties would be in the exact same place they are now: with a trial that should be ready to go without Penske.

Other courts that have been placed in the same predicament have denied the subsequent Rule 54(b) Motion, or have faced the ire of the appellate court. In *General Acquisition, Inc. v. GenCorp, Inc.*, the Sixth Circuit denied a petition for interlocutory review under Section 1292 because the case was not "an exceptional case warranting interlocutory review." 23 F.3d at 1032. The parties and the district court, nonetheless, tried again under Rule 54(b). The Sixth Circuit found the district court abused its discretion. *Id.* "The persistence of the parties and the district court in seeking immediate review of the ruling on damages in the face of [our] clear statement mocks our appellate jurisprudence. While the standards permitting interlocutory review under 54(b) and 1292(b) may not be precisely identical, the same factors certainly seem relevant to both types of inquiry." *Id.* The Sixth Circuit remanded for further proceedings *without deciding the appealed issue. See id.* The Court should decline to test the waters again, at the behest of Plaintiffs, in light of the Fifth Circuit's rejection of the Petition. *See, e.g.*, *Hutchens*, 2021 WL 67201, at *5 ("Plaintiffs advance no compelling reason why renewed certification might be appropriate under Rule 54(b) when the Fourth Circuit has declined appellate review under § 1292(b).").

Moreover, if the Fifth Circuit believed the Orders presented appropriate issues for interlocutory appeal, but that the appeal was improperly brought under 28 U.S.C. § 1292(b), it could have simply deemed the Orders final judgments under Rule 54(b) and heard the appeal. *DeMelo v. Woolsey Marine Industries, Inc.*, 677 F.2d 1030 (5th Cir. 1982), is instructive.

There, the district court only certified the appeal pursuant to 28 U.S.C. § 1292(b). *Id.* at 1035 ("Here, however, the certificate and purported appeal are pursuant to section 1292(b),

rather than Rule 54(b).”). Although the Fifth Circuit found section 1292(b) an inappropriate vehicle, it nonetheless accepted the appeal as a judgment made final under Rule 54(b). “[W]e hold that in exercising our discretion as to whether to permit a section 1292(b) appeal in a case such as this which more appropriately would have come to us under Rule 54(b), we should generally allow the appeal unless we would have found a Rule 54(b) certification by the trial judge an abuse of discretion.” *Id.* at 1035 (citing Wright & Miller, *Federal Practice and Procedure* § 3929.1 (1973) (“Surely if the court would have been prepared to review a judgment under Rule 54(b), it achieves little to deny § 1292(b) review and compel entry of judgment.”)).

Plaintiffs have presented no compelling reason why this time would be different, especially when the Fifth Circuit could have repackaged the appeal to be an appeal under Rule 54(b), on its own, and granted the appeal. It chose not to do so, and the Court would abuse its discretion by insisting that the Fifth Circuit got it wrong.  The Court should therefore deny Plaintiffs’ Motion.

> **B.    There are Many Just Reasons to Delay Appeal of the Orders Until After a Final Judgment.**

Even if the Court declines to heed the indications of the Fifth Circuit, and chooses to weigh the factors of the Rule 54(b) Motion anew, it should still decline to grant the Rule 54(b) Motion, because there are many just reasons to delay appeal of the Orders until after a final judgment. To determine whether a Rule 54(b) certification is proper, Plaintiffs suggest the Court should assess: “(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as

delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Halliburton*, 2008 WL 2697345, at *3 (quoting *Akers*, 338 F.3d at 495). For the same reason that the appeal under section 1292 was rightfully rejected, the factors here all weigh in favor of delaying entry of final judgment until *after* a trial, so that all appealable issues are presented at once.

### 1. Factors 1 and 2: A finding of non-negligence as to Lehal that is affirmed on appeal moots review of the Orders.

The Court should not grant Plaintiffs' Rule 54(b) Motion when there is substantial overlap between the claims against PTM and PL and the claims against Lehal and Liberty, such that a finding in Lehal and Liberty's favor, if affirmed on appeal, would moot review of the Orders. Here, even assuming PL can be held vicariously liable as the statutory employer of Lehal, PL can only be liable if Lehal is found negligent. Similarly, even if Plaintiffs can pursue their negligent brokering claims against PTM, PTM is only negligent if Lehal is found to have been negligent and proximately caused the accident.

The Sixth Circuit's decision in *Carpenter v. Liberty Insurance Corporation*, 850 F. App'x 351 (6th Cir. 2021) is instructive. There, the Sixth Circuit found the district court abused its discretion when there was an overlap between the adjudicated and unadjudicated claims. In that case "the two claims turn on an almost identical question: the contract claim turns on whether Liberty can prove each element of the arson defense, while the bad-faith claim turns on whether Liberty had sufficient evidence of arson at the time it denied the Carpenters' claim for coverage." *Id.* at 355. It reasoned that "[i]f Liberty defeats the contract claim at trial by proving the arson defense, that may functionally render moot any appellate consideration of the district court's dismissal of the bad-faith claim, because that claim fails if Liberty had sufficient evidence of arson." *Id.* Here, similarly, review of the Orders would be mooted by a jury finding

23,834♦4PSMB8100

and subsequent affirmance that Lehal was not negligent. Rule 54(b) certification is therefore inappropriate.

Notably, Penske made this argument in its opposition to certification under 28 U.S.C. § 1292(b). (Ex. A, Pet. Opp. at 13-14.) Penske argued, "[i]f a finding of non-negligence is affirmed on appeal, it would obviate the need to review the Orders." (*Id.* (citing *Gareis v. 3M Co.*, 9 F.4th 812, 818 (8th Cir. 2021) ("An erroneous grant of summary judgment may be disregarded as harmless when it is followed by a trial and the verdict rendered in that trial shows that the claim or claims resolved at summary judgment likewise would have failed at trial.")). Thus, the Fifth Circuit already considered the substantial overlap between the adjudicated and unadjudicated claims, and chose not to grant the Petition under 28 U.S.C. § 1292(b). The Court should not let Plaintiffs make the same argument under a different rule when nothing about Rule 54(b) dictates a different result. In fact, the end result will be the same. *GenCorp*, 23 F.3d at 1032.

### 2. Factor 3: The "Statutory Employer" doctrine would be presented to the Fifth Circuit twice, based on overlapping facts.

Plaintiffs claim that the "legal issues" raised in the Orders "are not implicated in the claims against Liberty and Lehal." (Mot. at 12.) That is wrong. As this Court is aware, Plaintiffs' theory against PL and Liberty Lane is the same: both should be held liable as statutory employers of Lehal. Although the Court granted PL's motion for summary judgment (ECF 259) finding that it was *not* the statutory employer of Lehal, it also granted Plaintiffs' motion for partial summary judgment, deeming Lehal the statutory employer of Lehal. (ECF 258). As a result of that order, "Liberty Lane is vicariously liable for Lehal's alleged negligence." (*Id.* at 13.) Thus, after trial, Liberty Lane would have the right to appeal from the Court's order granting summary judgment in Plaintiffs' favor and that appeal would present the same, legal issue: the contours of the statutory employment doctrine. Plaintiffs' request to appeal the PL Order *now* severs the two

orders, which addressed the same legal issue, based on a similar set of facts. The Fifth Circuit, therefore, would "be obliged to consider the same issue a second time," making Rule 54(b) certification inappropriate. *Halliburton*, 2008 WL 2697345, at *3.

### 3. Factor 5:[3] Plaintiffs' 'Preclusion Battle' is a Red Herring.

Plaintiffs' efforts to paint a drawn-out battle over the preclusive effect of a trial against only Lehal or Liberty Lane are unavailing. Suffice it to say, it is Penske's view that a trial against Liberty and Lehal would have no preclusive effect as to PTM or PL's ability to fully litigate a later trial against PTM or PL. But, as Plaintiffs' admit, it is "premature to attempt to navigate this legal labyrinth in this motion." (Mot. at 16.) To reach that issue Plaintiffs would need to *win a jury trial* against Lehal and Liberty Lane, have that trial result *affirmed on appeal*, and have one or both of the Orders *reversed on appeal*. Only then does the potential preclusive effect of the prior trial become an issue. And even then, far from a "Gordian knot" (Mot. at 16), it is a legal issue that can be appropriately briefed and decided by the Court, when the time comes. Such a legal issue that may never need to be decided is not a reason to stay a trial that is ready to go in order to pursue a piecemeal appeal that has already been rejected by the Fifth Circuit.

### V.   CONCLUSION

Penske respectfully requests the Court deny Plaintiffs' motion to certify the Orders as a final judgment and to stay the case pending appeal.

---

[3] Penske agrees that, under Factor 4, there are no offset issues the Court would need to resolve.

Respectfully submitted,

SBSB EASTHAM

/s/ *Robert L. Klawetter*
Robert L. Klawetter
Federal I.D. 2471
State Bar No. 11554700
rklawetter@sbsb-eastham.com
Christina K. Schovajsa
Federal I.D. 25142
State Bar No. 24002910
cschovajsa@sbsb-eastham.com
Schouest, Bamdas, Soshea, BenMaier
    & Eastham PLLC
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-0905
Facsimile: (713) 574-2942

*And*

DUANE MORRIS LLP

/s/ *Jeffery S. Pollack*
James H. Steigerwald (*Pro Hac Vice*)
PA State & Federal I.D. 82469
JHSteigerwald@duanemorris.com
Jeffery S. Pollack, Attorney in Charge (*Pro Hac Vice*)
PA State & Federal I.D. 91888
JSPollack@duanemorris.com
Harry M. Byrne (*Pro Hac Vice*)
PA State & Federal I.D. 311733
HMByrne@duanemorris.com
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
Telephone: (215) 979-1136
Facsimile:  (215) 689 4925

*Attorneys for Defendants*
*Penske Logistics LLC and*
*Penske Transportation Management, LLC*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing on **August 1, 2024**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Corpus Christi Division.

/s/ Robert L. Klawetter
Robert L. Klawetter

23,834♦4PSMB8100