UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIANNA MORALES, AS NEXT FRIEND OF A MINOR D.J.M., LAVON BETH MEYER AND LEE ALLEN MEYER INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LYNDON DEAN MEYER | § § § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO.:  2:19-cv 00094 |
| v. | § § | |
| OK TRANS INC DBA OK TRANSPORT AND SATNAM SINGH LEHAL | § § § | |
| Defendants | § § | |

## DEFENDANT' SATNAM SINGH LEHAL'S AMENDED MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SATNAM SINGH LEHAL, Defendant herein, and after this cause was called to trial and all parties have announced ready for trial, but before the *voir dire* examination of the Jury, by counsel for any of the parties, and before the presentation of any evidence, moves this Honorable Court to give certain instructions to counsel for all parties and to declare in limine that counsel for such parties shall not, without first approaching the Bench, out of the presence and hearing of the Jury, and explaining the theory of admissibility of the matter referred to, mention, allude to, or interrogate, or in any ways apprise any juror, party, or witness by either insinuation, innuendo, or other means, concerning the following matters, in order that theory of admissibility of the evidence or comments touching on such matters may be presented to this Honorable Court out of the presence and hearing of the Jury, and first ruling on the following evidentiary matters, to-wit:

1.      That Plaintiff's counsel, Plaintiff and any witness be ordered to refrain from asking any member of the venire whether they could award specific damage amounts or ranges of damages, because such questions are improper commitment questions that seek to anchor potential jurors to an unreasonably high damage award.  Hyundai Motor Co. v. Vasquez, 189 S.W.3d 743, 749 (Tex. 2006).

           AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

2.      The Parties, the Parties' counsel, or any of their witnesses shall refrain from referencing that any settlement offers have or have not been made by any side. FED. R. EVID. 408.

           AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

3.      Any evidence in any form concerning Defendants' liability insurers, or whether the Defendants are insured for the reason that such fact is entirely immaterial to any issue in this cause, and any mention or inference regarding insurance, directly or indirectly, would be harmful and prejudicial to Defendants.  FED. R. EVID. 411; Conde v. Starlight I, Inc., 103 F.3d 210, 214 (1st Cir. 1997).

           AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

4.      That Plaintiff's counsel, Plaintiff and any witness be ordered to refrain from interrogating any member of the venire as to whether they would answer an issue on damages in accordance with the evidence, regardless of who pays the damages or when they will be paid, or whether they will ever be paid, or any similar version of such inquiry, for the reason that the same improperly injects insurance and wealth into the suit. FED. R. CIV. P. 411; Higgins v. Hicks Co., 756 F.2 681, 684-685 (8th Cir. 1985).

           AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

5.      That the Parties' counsel, the Parties and any of the Parties' witnesses be ordered to refrain from voir dire examination or inquiry of any juror or jurors as to any connection with the insurance industry.  If the Parties' counsel is interested in determining whether or not there is any such connection for the purpose of exercising strikes, they can do it by asking each individual juror his/her occupation and past occupations and that of those in his/her household, which would provide the relevant information and avoid interjecting the issue of insurance into this case.  Brockett v. Tice, 445 S.W.2d 20 (Tex. Civ. App. -- Houston [1st Dist.] 1969, writ ref'd n.r.e.); A.J. Miller Trucking Co. v. Wood, 474 S.W.2d 763 (Tex.Civ. App. -- Tyler 1971, writ ref'd n.r.e.); Green v. Ligon, 190 S.W.2d 742 (Tex. Civ. App. -- Fort Worth 1945, writ ref'd n.r.e.).

           AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

6.      Any use of the "Golden Rule" line of argument because this is an improper appeal to passions and sympathies. *Lone Star Ford, Inc. v. Carter*, 848 S.W.2d 850 (Tex. App.—Houston [14th Dist.] 1993, n.w.h.); *Gulf, Colorado & Santa Fe Railway Co. v. Hampton*, 358 S.W.2d 690 (Tex. Civ. App.—Eastland 1962, writ ref'd n.r.e.).

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

7.      Any party, their counsel, or any of their witnesses shall refrain from offering expert opinions from any expert witnesses without first having that individual qualified as an expert witness. FED. R. CIV. P. 702.

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

8.      Any party, their counsel, or any of their witnesses and witnesses shall refrain from making any reference that there probably will be testimony regarding certain facts or opinions by certain witnesses who are then not later called to testify to such facts or opinions at trial. *Tex-Jersey Oil Corp. v. Beck*, 305 S.W.2d 162 (Tex. 1957); *Sanders v. St. Paul Fire & Marine Ins. Co.*, 429 S.W.2d 516 (Tex. Civ. App. -- Texarkana 1958, writ ref'd n.r.e.).

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

9.      Any party, their counsel, or any of their witnesses shall mention nor state to the jury panel in voir dire the existence of any witnesses or documents, including medical records, medical bills, or photographs, not previously furnished in accordance with interrogatories and/or requests for production, or timely supplements thereto. Further, that the Parties and their respective counsel not show to the jury at trial nor introduce at trial any witnesses or documents, including photographs, not previously furnished in response to interrogatories and/or requests for production. Fed. R. Civ. P. 37(C)(1) *HCG Platinum, LLC v. Preferred Prod. Placement*., 873 F.3d 1191, 1200 (10th Cir.2017).

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

10.     That Plaintiffs and Plaintiffs' counsel be prohibited from mentioning, referencing, implying, alluding to, or otherwise offering into evidence any claim that Defendant SATNAM SINGH LEHAL was using his cellular phone, in the moments leading up to, and at the time of the accident. Any such claims lack any causal relationship to the subject accident, no evidence exists to corroborate same, and is therefore not relevant, will cause confusion of the issues, and any reference thereto is unfairly prejudicial to Defendant as it would serve only to confuse the issues and to mislead the jury. FED. R. EVID. 401, 403.

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

11.     STANDARD OF CARE. Any reference to the effect that Defendants owed a higher standard of care other than non-commercial drivers. Any such reference would be an incorrect statement of Texas law and would be misleading and unduly prejudicial. *See* Fed. R. Evid. 403; *Freudiger v. Keller*, 104 S.W.3d 294, 297 (Tex. App—Texarkana 2003, pet. denied); *see also U-Haul, Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 139 (Tex. 2012) (holding "[t]he existence of federal regulations does not establish the standard of care or establish gross negligence per se."); *Prather v. Brandt*, 981 S.W.2d 801, 811 (Tex. App.--Houston [1st Dist.] 1998, pet. denied) (holding "the definition on ordinary care is sufficient for the vast majority of negligence cases"). There is no Texas caselaw that states the Federal Motor Carrier Safety Regulations (FMCSR) at issue here create a special standard of care. *Freudiger v. Keller*, 104 S.W.3d 294, 297 (Tex. App.—Texarkana 2003, pet. denied).

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

12.     That any alleged violation or non-compliance with the FMCSR are *negligence per se*. *See Omega Contracting, Inc. v. Torres*, 191 S.W.3d 828, 839–40 (Tex. App.—Fort Worth 2006, no pet.); *Reinicke v. Aeroground, Inc.,* 167 S.W.3d 385, 396 (Tex.App.-Houston [14th Dist.] 2005, pet. filed). See *Missouri Pac. R.R. v. American Statesman*, 552 S.W.2d 99, 103 (Tex. 1977); *Omega Contracting v. Torres*, 191 S.W.3d 828, 838-44 (Tex. App. - Fort Worth 2006, no pet.); *Reinecke v. Aeroground, Inc.*, 167 S.W.3d 385, 396 (Tex. App. - Houston [14th - Dist.] 2005, pet. denied); *Donaldson v. J.D. Transp. Co., Inc.*, 2005 WL 1458230, at *3, 2005 Tex. App. LEXIS 4812 (Tex. App.-San Antonio 2005, no pet.); *Freudinger*, 104 S.W.3d at 296.

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

13.    Any testimony or reference to any witness or expert that was not previously disclosed or was not properly disclosed or identified as a trial witness in accordance with Federal Rules of Civil Procedure 26(e) or any applicable docket control order. *See* Fed. R. Civ. P. 26(c).

      AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

14.    REPTILE THEORY EVIDENCE OR ARGUMENT. Any questions, arguments, or references that appeal to the jurors' concerns about their own safety and the safety of the community, rather than the evidence regarding the Plaintiff in this case, including, but not limited, focuses on the "safest possible choice," "community fears. and conscience," "safety rules," and "sending a message." Reptile Theory evidence and argument do not make a fact more or less probable and thus is irrelevant. *See* Fed. R. Evid. 401. Further, it compels jurors to ignore the applicable standard of care, requiring exclusion under Federal Rule of Evidence 403. At base, Reptile Theory evidence is nothing more than an attempt to have the jury place itself in the shoes of the plaintiff, an appeal that, if made, constitutes clear reversible error. *See World Wide Tire Co. v. Brown*, 644 S.W.2d 144, 148 (Tex. App.--Houston [14th] 1982, writ ref'd n.r.e.).

      AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

15.    DAMAGES BASED ON EMOTION: Any argument, comment or reference by Plaintiffs' counsel, implying or suggesting that the jury or venire should attempt to "send Defendants a message," "set the safety standards in Texas" or any other such language which is calculated to have the jury assess the damages based upon an emotional response rather than the evidence and the Court's charge. FED. R. CIV. P. 51(b); *Southwestern Greyhound Lines, Inc. v. Dickson*, 236 S.W.2d 115, 119 (Tex. 1951).

      AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

16.    That Plaintiffs and Plaintiffs' counsel refrain from suggesting damages amounts by reference to objects or values with no rational connection to the facts of the case, otherwise known as "unsubstantiated anchoring" i.e., encouraging a jury to award X$ per day/hour. *Gregory v. Chohan*, --- S.W.3d ----, No. 21-0017, 2023 WL 4035886, at *7 (Tex. June 16, 2023), Tex. R. Civ. P. 269(e).  Unsubstantiated anchors have nothing to do with the emotional injuries suffered by the plaintiff and cannot rationally connect the extent of the injuries to the amount awarded.  *Id.*  Unsubstantiated anchors are not the type of information a jury can rightfully rely on when crafting a verdict.  *Id.*

      AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

17.   DAMAGES: Any comment or reference to economizing non-economic damages for example, the amount of money received in monetary compensation by corporations, businesses, industry professional athletes, or entertainers as a matter of determining the pecuniary loss without first demonstrating substantial similarity; otherwise, such statements serve only to inflame or prejudice the jury.  FED. R. EVID.  403. *See Gregory v. Chohan*, --- S.W.3d ----, No. 21-0017, 2023 WL 4035886, at *7 (Tex. June 16, 2023), Tex. R. Civ. P. 269(e).

AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

18.   That the Parties, their counsel, or any of the Parties' witnesses be prohibited from mentioning, offering evidence of, making argument regarding, or otherwise implying or alluding to any claim or cause of action not contained in the Parties' live pleadings. Any such reference would only serve as unfair surprise, trial by ambush, and undue prejudice in addition to violating fair notice standards and would also be irrelevant to the causes actually plead. FED. R. EVID. 401, 403. *See, e.g.,* Samuels v. Wilder, 871 F.2d 1346, 1350 (7th Cir. 1989); *San Antonio Traction Co. v. Higdon*, 123 S.W. 732, 734 (Tex.Civ.App.— 1909, writ ref'd).

AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

19.   That Plaintiffs and Plaintiffs' counsel be prohibited from mentioning, making argument regarding, or otherwise implying or alluding to OK TRANS, INC.'s hiring, training, retention, supervision, monitoring, or entrustment as it relates to Defendant SATNAM SINGH LEHAL. Any such claims lack any causal relationship to the subject accident as Plaintiffs dropped all claims against OK TRANS, INC., no evidence exists to corroborate same, is therefore not relevant, will cause confusion of the issues, and any reference thereto is unfairly prejudicial to Defendant as it would serve only to confuse the issues and to mislead the jury. FED. R. EVID. 401, 403.

AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

20.   That Plaintiffs and Plaintiffs' counsel be prohibited from mentioning, making argument regarding, or otherwise implying or alluding to OK TRANS, INC.'s lack of driver safety and operational rules or failure to comply with same. Any such claims lack any causal relationship to the subject accident as Plaintiffs dropped all claims against OK TRANS, INC., no evidence exists to corroborate same, and is therefore not relevant, will cause confusion of the issues, and any reference thereto is unfairly prejudicial to Defendant as it would serve only to confuse the issues and to mislead the jury. FED. R. EVID. 401, 403.

AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

21.     Any reference to an alleged failure or refusal on the part of Defendants to provide Plaintiffs with all required discovery, or any suggestion that Defendants have not engaged in good faith discovery or have withheld or failed to produce any document or other material to which Plaintiffs claim to be entitled. FED. R. EVID. 402.

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

22.     That Parties may not introduce into evidence in this matter or otherwise hint, suggest, or publish to the jury any document or piece of evidence, including but not limited to pamphlets, articles, regulations, handbooks, statistics, or other learned treatises relied upon by any witness unless and until the document or evidence is properly authenticated and in admissible form. FED. R. EVID. 801,802, 803, 804, 901, 902.

AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

23.     That Plaintiffs and Plaintiffs' counsel be prohibited from mentioning, making argument regarding, or otherwise implying or alluding that Defendant SATNAM SINGH LEHAL was involved, using, or suspected of being under the influence of drugs and alcohol at the time of the accident. There is no evidence that Defendant SATNAM SINGH LEHAL had drugs or alcohol in his system on the date of the subject incident. Any such evidence would be speculative, unsupported by the evidence, and unfairly prejudicial to Defendants as it would serve only to confuse the issues and to mislead the jury. FED. R. EVID. 401, 403.

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

24.     That the Parties and their counsel be restricted from offering into evidence any document drafted by a witness, including a medical doctor or treatment provider, which contains information to the Plaintiffs or the Plaintiffs' counsel regarding the witness's thoughts or opinions on the Plaintiffs' future medical treatment or needs. Such information constitutes a medical narrative and is not a medical or business record and does not fall into the exceptions or exclusions of the rules against hearsay. FED. E. EVID.  801–804.

AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

25.     Any comment or reference regarding subsequent remedial measures. FED. R. EVID. 407 excludes any measures which are taken after an event that, if taken previously, would have made the event less likely to occur.  Such evidence is not admissible to prove negligence or culpable conduct in connection with the event.

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

26.     Any comment or reference to or inquiry concerning "lessons learned" or actions taken or not taken by Defendant subsequent to this accident as such evidence violates FED. R. EVID. 407 regarding subsequent remedial measures; further, said arguments also constitutes an improper standard for assessing negligence and gross negligence.  FED. R. EVID. 407; TEX. CIV. PRAC. & REM. CODE §§ 41.001, 41.010, 41.011.

   AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

27.     Any use of a mathematical formula or "unit of time" argument which suggests the jury should assign a specific sum of money per unit of time during which pain was suffered, including any comparison between the amount of Plaintiff's damages and fees charged by Defendants' attorneys or experts. These arguments "are impermissible because they lead the jury to 'believ[e] that the determination of a proper award for . . . pain and suffering is a matter of precise and accurate determination and not, as it really is, a matter to be left to the jury's determination, uninfluenced by arguments and charts." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 787 n.71 (5th Cir. 2018) (quoting *Foradori v. Harris*, 523 F.3d 477, 512 (5th Cir. 2008)) (alternation in original). Such arguments are "meant simultaneously to activate the jury's passions and to anchor their minds to a salient, inflated, and irrelevant dollar figure." *Id.* "The inflammatory benchmark, bearing no rational relation to Plaintiff' injuries, easily amplifie[s] the risk of 'an excessive verdict.'" *Id.* (quoting *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1240 (5th Cir. 1985)). Such arguments are designed to mislead the jury and would require any damage's finding based upon them against Defendant to be vacated. *Id.*

   AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

28.     Any statement to the effect that the jury should or would "teach the Defendants a lesson," "set the safety standards in Texas or any other area," "know the price of justice in our community," "to send this Defendants management a message," "that the jury should do something by its verdict to make the community proud in this case," or any other language suggesting a need to punish Defendants. With respect to liability and compensatory damages, requests to send Defendants a message or similar comments are inadmissible because they are irrelevant and unfairly prejudicial and ask the jury to decide on the basis of bias, prejudice or sympathy. FED. R. EVID. 401–403; *see also, e.g., Sw. Greyhound Lines v. Dickson*, 236 S.W.2d 115, 119 (Tex. 1951).

   AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

29.    Mentioning or commenting to the jury that this Court or an appellate court may have a right, duty, or ability to alter or change the ultimate verdict of the jury in this cause or to review the verdict in any manner. Such mentions or comments are irrelevant and unfairly prejudice, in that they would invite the jury to reach an excessive verdict. *See* FED. R. EVID. 401–403.

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

30.    Argument or testimony, whether through direct examination or cross-examination of any witness, that Plaintiff has had to "wait for a long time to find justice" or "to get to court" or similar language. Such statements infringe on the confidential nature of settlement negotiations between Plaintiff and Defendants and attempt to negate Plaintiff's burden of proof for liability and damages.

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

31.    Any questions, arguments, or references that appeal to the juror's concerns about their own safety and the safety of the community, rather than the evidence regarding Plaintiff in this case, including to "set safety standards in Texas" and "make the community proud or safe." These arguments do not make any fact of consequence more or less probable and thus are irrelevant. *See* FED. R. EVID. 401–402. Further, they compel jurors to ignore the applicable standard of care, requiring exclusion under Federal Rule of Evidence 403. At base, these arguments are little more than attempts to have the jury place itself in the shoes of the decedent.

AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

32.    The Court should exclude any mention of, reference to, or evidence suggesting this case is one brought to establish standards of public safety or to enforce public safety principles, or that the reason for bringing this suit is based on a desire to enhance public safety, or any statement of similar import, because such arguments or statements are misleading and confusing to the jury, since it is not the purpose for bringing the suit at all. Rather, this suit is one brought to collect monetary damages. It is not brought on behalf of the public, or for the purposes of establishing public safety, or for any other such purpose, but rather only to collect money. Such an argument or statement by counsel is inflammatory and calculated to prejudice the rights of Defendants and create bias and sympathy in favor of Plaintiff, which is improper and impermissible. *See* FED. R. EVID. 403.

AGREED: _____ GRANTED: _____ DENIED: _____ MODIFIED: _____

33.     Any references to "equal trade" or "fair trade" value—essentially asking the jurors to consider what trade they would accept in exchange for Plaintiffs' damages (*e.g.*, What would you be satisfied with if you had the same loss that Plaintiffs have, what would you be satisfied with in the way of money damages awarded to you by a jury?"). This type of argument or question misconstrues the legal and factual inquiry. Moreover, it violates the law related to "Golden Rule" arguments. *World Wide Tire Co. v. Brown*, 644 S.W.2d 144, 145–46 (Tex. App.—Houston [14th Dist.]1982, writ ref'd n.r.e.).

        AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

34.     Any mention of, reference to, or argument regarding purported cost-benefit analyses or calculations regarding Defendants' cost of making alleged improvements to supervision, policies, or guidelines versus the costs of litigation should be excluded because such comments or statements are irrelevant, unduly prejudicial and meant to incite anti-corporate bias. FED. R. EVID. 401–403.

        AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

35.     Any suggestion or reference to questions that were not asked (or that Plaintiff's counsel might suggest "should have been" asked) of one or more witnesses in depositions, as any such suggestion or reference would be designed solely to confuse and/or inflame the jury based upon an inference that there was an attempt to create a false impression about a fact or contention. Such suggestion or reference is confusing to the jury, improper, and highly prejudicial. FED. R. EVID. 403.

        AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

36.     Eliciting any statements or opinions from any witness as to the truth or falsity of the testimony of any other witness or person. Such questioning is improper as it invades the province of the jury. *Lynch v. Ricketts*, 314 S.W.2d, 273, 276 (Tex. 1958); *Ochs v. Martinez*, 789 S.W.2d 949, 956–57 (Tex. App.— San Antonio 1990, no writ); *U. S. Fire Ins. Co. v. Biggs*, 614 S.W.2d 496 (Tex. App.—Amarillo 1981, no writ); *Sw. Bell Tel. Co. v. Griffith*, 575 S.W.2d 91, 101 (Tex. Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.); *Neuhaus v. Cain*, 557 S.W.2d 125(Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.).

        AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

37.     Defendant requests that the Court prohibit any testimony, statements, or evidence regarding failure to call certain witnesses, mutually available to all parties, to testify in the present action or any reference, comment, or speculation on the substance of the testimony of any absent witnesses, mutually available to all parties.

        AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

38.     Any reference by Plaintiffs, Plaintiffs' counsel, or Plaintiffs' experts to Defendant SATNAM SIGNH LEHAL'S speed, electronic log data, or driving activities for any time prior to the date of this accident as such testimony is irrelevant to the accident at issue in this case, does not help to establish liability in this matter, is entirely prejudicial to Defendant's case, and is solely being offered to inflame the jury and cause confusion of the issues. FED. R. EVID. 401-403.

        AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

39.     Any expert testimony or reference to the existence, non-existence, or scope of any purported legal duties.  FED. R. EVID. 401, 702-03.  "The existence of a duty is purely a legal determination and not a matter for expert opinion."  Owens v. Comerica Bank, 229 S.W.3d 544, 548 (Tex. App.—Dallas 2007, no pet.).

        AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

40.     Any argument or reference to the jury needing to "help" or "do all they can" for Plaintiffs, including any argument or suggestion that a failure to award damages would cause Plaintiffs privation or financial hardship, as such arguments would be improper, irrelevant, and unfairly prejudicial.  FED. R. EVID. 401-03; Tex. Empl'rs' Ins. Assoc. v McCaslm, 317 S.W.2d 916, 921 (Tex. 1958) (holding that plaintiff's comment that the jury should "do all you can to help me" was unfairly prejudicial).

        AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

41.     That Plaintiffs, Plaintiffs' counsel, or any of Plaintiffs' witnesses be prevented from referencing, stating, or otherwise alluding to post-collision conscious pain and suffering of LYNDON DEAN MEYER, post-collision suffering and mental anguish of LYNDON DEAN MEYER, and that LYNDON DEAN MEYER "did not die instantly" as there is no evidence supporting such testimony. Any such testimony is therefore irrelevant, highly prejudicial, and would only serve to inflame the jury and cause confusion of the issues in this case. FED. R. EVID. 401-403.

        AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

42.     Any attempts by counsel to interject personal opinions in statements to the jury. Federal courts and Texas State courts have consistently held that is improper for counsel to make such comments due to their inside knowledge of the case and the concern for crossing the line into expert territory. *See* United States v. Morris, 568 F.2d. 396 (5th Cir. 1978). *See also* Collins v. State, No. 02-06-00247-CR, 2007 WL 2152891, at *4 n.5 (Tex. App.— Fort Worth July 26, 2007, pet. ref'd).

AGREED: __X__ GRANTED: _____ DENIED: _____ MODIFIED: _____

WHEREFORE, each of the above matters, set forth in individual paragraphs, are generally inadmissible, irrelevant, and prejudicial to Defendants' rights to a fair and impartial trial. Should an issue in the matters as set forth above become material, relevant, or admissible, the Plaintiffs can bring the issue to the Court's attention out of the presence of the Jury, receive a ruling thereon, and thus preserve each and every one of their rights.

Defendant SATNAM SINGH LEHAL prays that to prevent a miscarriage of justice, this Motion be granted and that counsel for the parties be instructed and through such counsel the parties and witnesses for Plaintiffs, who may be in and around the Courtroom at any stage of this proceeding be refrained from mentioning or in any way placing before this Jury or injecting into this lawsuit any of the matters hereinabove described without first approaching the Bench and obtaining a ruling from the Court.

Respectfully submitted,

GOLDMAN & PETERSON, PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:      (210) 340-9800
Facsimile:      (210) 340-9888
*Email:          mail@ljglaw.com
**service by email to this address**

By _____

LARRY J. GOLDMAN
"Attorney in Charge"
Federal ID No. 341
State Bar No. 08093450
larry@ljglaw.com
MICHAEL F. AGUILAR
State Bar No. 24117936
michael@ljglaw.com

ATTORNEYS FOR DEFENDANT
SATNAM SINGH LEHAL

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 11th day of October, 2024.

**Eric Trayce Penn**
The Penn Law Firm
102 S. Ragsdale Street
Jacksonville, TX 75766

**James W Cole**
Cole Cole et al
302 W Forrest
Victoria, TX 77901

**Nicholas J Lanza**
**Stew Schmella**
Lanza Law Firm, PC
4950 Bissonnet St
Houston, TX 77401

**Timothy U Stanford**
**Lauren H. Strax**
Downs Stanford PC
2001 Bryan Street
Ste 4000
Dallas, TX 75201

_____
LARRY J. GOLDMAN
MICHAEL F. AGULAR