## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIANNA MORALES, AS NEXT | § | |
| FRIEND OF MINOR D.J.M., | § | |
| LAVON BETH MEYER, AND | § | |
| LEE ALLEN MEYER, INDIVIDUALLY, | § | |
| AND AS REPRESENTATIVE OF THE | § | CIVIL NO. 2:19-cv-00094 |
| ESTATE OF LYNDON DEAN MEYER | § | |
| | § | (JURY DEMANDED) |
| | § | |
| VS. | § | |
| | § | |
| OK TRANS INC, DBA OK TRANSPORT | § | |
| AND SATNAM SINGH LEHAL | § | |

**PLAINTIFFS' MOTION TO EXCLUDE,
AND IN THE ALTERNATIVE, MOTION *IN LIMINE* REGARDING
EVIDENCE OF AN ALLEGED INAPPROPRIATE RELATIONSHIP
BETWEEN MINOR D.J.M. AND A COUSIN OF SIMILAR AGE AND ANY
REFERENCE TO THE CPS CASE ARISING FROM THAT RELATIONSHIP**

Plaintiffs respectfully request the Honorable Court exclude any evidence of or reference, mention, or allusion at trial of an alleged "inappropriate" relationship between minor Plaintiff, D.J.M. and an older cousin, and the Child Protective Services (CPS) case that arose from that relationship. Alternatively, if opposing counsel wishes to propose a theory of admissibility concerning these matters, Plaintiffs request that opposing counsel be required to first request a ruling from the Court, outside the presence and hearing of all prospective jurors, and jurors ultimately selected in this case. Defendant Liberty Lane, LLC does not oppose this Motion. Defendant Satnam Singh Lehal opposes.

## FACTUAL BACKGROUND

This case arises out of a motor-vehicle collision that occurred on December 26, 2018, on Texas State Highway 202 in Bee County, Texas in which Lyndon Dean Meyer was killed. The collision was between an eighteen-wheeler being driven by Defendant Satnam Singh Lehal and a pick-up being driven by Lyndon Dean Meyer.

The Plaintiffs in this case are D.J.M., Meyer's minor child, and Lavon Beth Meyer and Allen Lee Meyer, Meyer's parents, who are suing the Defendants Liberty Lane and Lehal. Lehal was driving the truck for Defendant Liberty Lane, L.L.C.

D.J.M was nine years old at the time of Meyer's death.  At the age of fourteen years, D.J.M.'s mother took D.J.M. to a counselor, Marisa Gonzales, because D.J.M. had never dealt with his father's death or talked about his feelings concerning his father's death. Medical records and deposition testimony of D.J.M.'s counselor, Marisa Gonzales, discuss an alleged relationship between D.J.M. and a sixteen-year-old female cousin. Due to Marisa Gonzales' duty, she reported this to Child Protective Services (CPS), who conducted an investigation, and took no additional action.

Plaintiffs anticipate that at trial, Defendant Lehal will attempt to present evidence of the alleged relationship between D.J.M. and his cousin.

## ARGUMENTS AND AUTHORITIES

**I.    This Court should exclude evidence of an alleged inappropriate relationship under Rules 401 and 402 because it is not relevant to any issue in this case.**

The Honorable Court should exclude the "cousin" evidence, first and foremost, because it has no relevance whatsoever to any issue in this case. Under Rule 402,

"[i]rrelevant evidence is not admissible." FED. R. EVID. 402. Rule 401 explains that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

Here, the alleged relationship between D.J.M. and his cousin took place five years after the collision that killed D.J.M.'s father. It is difficult to imagine how it could possibly be relevant to any issue in this case. Ironically, the only conceivable relevance—to show the extent of the psychological damage experienced by D.J.M.— supports Plaintiffs' position in the case. But even there, there is no evidence that the situation related to trauma from the collision. Because the alleged relationship is not relevant to any issue in this case, this Court should exclude it or at least require Defendant to approach the bench.

## II.   Even if the evidence had probative value, it should be excluded under Rule 403 because the risk of unfair prejudice substantially outweighs any conceivable probative value.

In the alternative, even if the "cousin" evidence had some slight probative value, the evidence is far more unfairly prejudicial than probative. A court may exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 403. "In weighing the prejudice, [a court] must first examine the necessity for and probative effect of the evidence." *Schlueter v. Schlueter*, 929 S.W.2d 94, 98 (Tex. App.—Austin 1996, writ granted).

"Unfair prejudice" means "an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." *Fort Worth*

*Hotel Ltd. Partnership v. Enserch Corp.*, 965 S.W.2d 624, 1998 Tex. App. LEXIS 1392, *32 (Tex. App.—Fort Worth, 1998, no pet.) (quoting *Turner v. PV Int'l Corp.*, 765 S.W.2d 455, 471 (Tex. App.—Dallas 1988), writ denied per curiam, 778 S.W.2d 865 (Tex. 1989)); *see also* FED. R. EVID. 403 advisory committee's note.

Applying this rule, one court held that evidence of domestic abuse should have been excluded under Rule 403, even though it was slightly relevant to damages. *Cook v. Sabio Oil & Gas*, 972 S.W.2d 106, 111 (Tex. App.—Waco 1998, pet. denied). The plaintiff claimed that he was physically impaired, but there was evidence that he physically fought with his wife. *Id.* According to the defendant, "the evidence was offered to show that Cook was engaging in physical activities which were inconsistent with his alleged injuries." *Id.* The court disagreed: "[T]he necessity for the testimony concerning marital difficulties and domestic violence was marginal. [The] testimony is far more probative of marital discord and [plaintiff's] temper than of [plaintiff's] alleged injuries." *Id.* The court further reasoned: "Most jurors would not think it is appropriate for a husband to hit his wife. Many jurors would not approve of the combatant nature of [plaintiff's] marriage. The testimony unfairly injects domestic violence and marital discord into a personal injury case." *Id.* "[T]he evidence of fighting between [plaintiff and his wife] is unfairly prejudicial because it could lead to a decision on an improper or emotional basis." *Id.*

Here, unlike the plaintiff in *Cook*, D.J.M. is a child. Nevertheless, most juries would likely find a physical relationship between cousins highly improper and would not approve. The testimony, thus, unfairly injects a relationship between cousins into

a personal injury case and could lead to a decision on an improper or emotional basis. Any slight probative value of this evidence (which does not even exist here) is, thus, greatly outweighed by the danger of unfair prejudice. FED. R. EVID. 403.

WHEREFORE, Plaintiffs respectfully request that the Honorable Court grant their Motion to Exclude, or alternatively grant Plaintiffs' Motion *in Limine*, and for whatever further relief this Court sees fit.

Respectfully submitted,

/s/ Eric T. Penn

**THE PENN LAW FIRM**
Eric T. Penn
State Bar No. 24029767
102 S. Ragsdale Street
P.O. Box 2079
Jacksonville, Texas 75766
Telephone: 903-586-7600
Facsimile: 903-586-7676
eric@thepennlawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF CONFERENCE**

I certify that my office has conferred with counsel for Defendants and Intervenor and that Defendant Liberty Lane, L.L.C., and Intervenor are not opposed to this relief requested in this motion.

Counsel for Defendant Satnam Singh Lehal is opposed.

/s/ Eric T.  Penn_____

## CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court and delivered to all counsel of record using the CM/ECF system on this the 11th day of October, 2024.


/s/ Eric T.  Penn_____

CERTIFICATE OF SERVICE FOR
PLAINTIFFS' MOTION TO EXCLUDE
AND IN THE ALTERNATIVE, MOTION *IN LIMINE*                         Page 1 of 1